IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vista del Mar Condominiums LLC, ) | |
| ) | Civil Action No.: 4:09-cv-02869-JMC |
| Plaintiff, ) | |
| ) | |
| v.                                  ) | **JURY INSTRUCTIONS** |
| ) | |
| Nichols Brosch Wurst Wolfe & Associates, ) | |
| Inc., and Newcomb & Boyd, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Duties of Jury to Find Facts & Follow Law**

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the Plaintiff must prove in order to prove its case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or

1

into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely for you to decide.

## Burden of Proof

At the beginning of the case, I told you that the Plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the Plaintiff's and the Defendants' evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip slightly on that side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendants.

Those of you who have sat as jurors on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, i.e., it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

## Evidence

The evidence from which you are to determine the facts consists of:

1) the sworn testimony of witnesses, both live and through depositions, and on direct and cross-examination, regardless of who called the witness;

2) the exhibits which have been received into evidence;

3) any facts to which all the lawyers have agreed to stipulate; and

4) information provided in discovery responses published to the jury.

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

> (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

> (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

> (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

> (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

> (1) Was the witness able to see, or hear, or know the things about which that witness testified?

> (2) How well was the witness able to recall and describe those things?

> (3) What was the witness's manner while testifying?

3

(4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony. The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

## Use of Expert Witnesses

In considering the opinion of an expert witness that has been admitted in this case, I instruct you as follows:

You should consider the factual evidence first. An expert may base his opinion upon the factual evidence presented at trial.

You must consider expert testimony in the same manner as you do any other testimony and give it the weight to which you believe it is entitled when considered with all the other evidence in

this case. Such testimony is given for the purpose of helping you understand the evidence and not for the purpose of controlling your judgment.

The value of expert testimony does not depend upon the skill and knowledge professed by the expert, but upon the skill and knowledge he actually possesses. It is for you to judge whether he possesses such knowledge. In this regard, you may consider his training, experience, ability to communicate his ideas to you, the logic of his opinion, the factual support for his opinion, and all other factors as you would judge and weigh the testimony of other witnesses.

The value and effect of expert testimony are matters solely to be estimated by you, the jury. No mere opinion of an expert can be accepted as in and of itself truthful or reliable. Such testimony should be weighed by you and convince you of your judgments by a preponderance or greater weight of the evidence and with the same force and effect as any other fact proved in this case before you can rely upon it. In determining the weight to be given such testimony, you should consider the qualifications and credibility of the experts and the reasons given for their opinions. You are not bound by such opinions. Give them the weight, if any, to which you deem them entitled.

## Use of Depositions

During the trial of this case, certain testimony has been read to you by way of deposition. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition. Such testimony is entitled to the same consideration, and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

## "Direct" and "Circumstantial" Evidence

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## Juror's Duty to Be Impartial

Your function as jurors in this case is to determine the issues of fact presented by the claims of the Plaintiff, Vista del Mar Condominiums, LLC, against the Defendants, Nichols Brosch Wurst Wolfe & Associates, Inc. and Newcomb & Boyd.

You are to perform this duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as I explain it, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Corporations, are entitled to the same fair trial at your hands as an individual citizen. All persons, including individuals and corporations, stand equal

before the law and are to be dealt with as equals in a court of justice. Sympathy for any party, or prejudice against any party, shall play no part in your deliberations or your decision.

I will next explain to you each of the claims that the Plaintiff must prove to recover on its claims.

## Professional Negligence

Plaintiff Claims that Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. and Defendant Newcomb & Boyd committed professional negligence against Plaintiff. In order to prevail in a negligence claim, Plaintiff must show that the Defendants owed a duty to Plaintiff, that Defendants breached that duty and that the breach was the proximate cause of an injury to Plaintiff. The law requires that Defendants use that degree of knowledge, care, and skill ordinarily used by professionals in good standing under the same or similar circumstances and that Defendants follow the generally accepted practices and procedures in their professions. To prove a claim of professional negligence, Plaintiff must show that Defendants failed to use that degree of knowledge, care, and skill ordinarily used by professionals in good standing under the same or similar circumstances and failed to follow the generally accepted practices and procedures in their professions. In addition, Plaintiff must show that such actions were a proximate cause of Plaintiff's alleged damages.

## Proximate Cause

Negligence is not actionable unless it proximately causes Plaintiff's injuries. Proximate cause is the efficient or direct cause of an injury.

Proximate cause requires proof of both causation in fact and legal cause. Causation in fact is proved by establishing a plaintiff's injury would not have occurred "but for" the negligence of a defendant. Legal cause is proved by establishing foreseeability.

The touchstone of proximate cause in South Carolina is foreseeability. That is, foreseeability of some injury from a negligent act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. The test of foreseeability is whether some injury to another is the natural and probable consequence of the complained of act. A defendant may be held liable for anything which appears to have been a natural and probable consequence of its negligence.

For an act to be a proximate cause of the injury, the injury must be a foreseeable consequence of the act. Foreseeability is not determined from hindsight, but rather from the time of the complained of act.

The law requires only reasonable foresight. When the injury complained of is not reasonably foreseeable in the exercise of due care, there is no liability. It is not necessary for a plaintiff to demonstrate that the defendant should have foreseen the particular event which occurred but merely that the defendant should have foreseen its negligence would probably cause injury to someone. Negligent conduct is the proximate cause of injury if that injury is within the scope of the foreseeable risks of the negligence.

Proximate cause does not mean the sole cause. A defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the injury.

If the opinions of expert witnesses are relied upon to establish proximate cause, the expert must state with reasonable certainty that, in his professional opinion, the plaintiff's injuries most

probably resulted from the negligence of the defendant or defendants. It is not necessary that the expert use the words "most probably."

### Intervening Cause

The chain of causation between a defendant's negligence and a plaintiff's injury may be broken by independent intervening acts or omissions of another person over whom the defendant has no control.

In order to decide whether an intervening act breaks the chain of causation, one must determine whether the intervening act or omission was reasonably foreseeable by the defendant. If the intervening act or omission was a probable consequence of the defendant's negligence, the defendant remains responsible for the plaintiff's injury.

If the intervening act or omission was not foreseeable, the defendant is not liable for the plaintiff's injuries unless the defendant's actions would have caused the plaintiff's injury even without the intervening act or omission.

### Comparative Negligence

Comparative negligence is the law in South Carolina. Under the doctrine of comparative negligence, a plaintiff's negligence does not automatically bar recovery by the plaintiff unless the plaintiff's negligence is greater than that of the defendant. If there is more than one defendant, the plaintiff's negligence shall be compared to the combined negligence of all defendants. A plaintiff in a negligence action where there is more than one defendant may recover damages if the plaintiff's negligence is not greater than the combined negligence of all the defendants.

A plaintiff has the burden of proving the negligence and fault, if any, of the defendants. The defendants have the burden of proving the negligence and fault, if any, of a plaintiff and the degree

of such negligence. The jury must weigh or compare the respective contributions, if any, of each side to the occurrence. The jury must determine whether one side, as a whole, was more negligent than the other. It is the conduct of the parties, considered as a whole, which must be measured by the jury in the form of a percentage.

If a jury finds that the occurrence was proximately caused by negligence on the part of the defendants and not by negligence on the part of the plaintiff, then the plaintiff is entitled to recover the full amount of any damages the jury finds it has sustained as a result of the occurrence.

However, if a jury finds the occurrence was proximately caused by the negligence of both the plaintiff and the defendants, and the negligence of the plaintiff is less than or equal to the negligence of the defendants, then the plaintiff is entitled to recover any damages which the jury finds the plaintiff has sustained as a result of the occurrence after the court has reduced the plaintiff's damages in proportion to the degree of the plaintiff's own negligence. On the other hand, if the defendants were not negligent or if the combined negligence of the defendants was less than the negligence of the plaintiff, then the plaintiff is not entitled to recover any damages. If a jury finds the plaintiff's negligence to be greater than that of the combined negligence of the defendants against whom recovery is sought, then the plaintiff shall not recover from any defendants, and the jury must find for the defendants.

Please remember that a plaintiff's negligence must have contributed proximately to the plaintiff's injury. If the negligence of a plaintiff operated only remotely and not proximately to cause the injury, the plaintiff is neither barred from recovery nor is the plaintiff's recovery reduced in any way.

You will express your determinations in the form of percentages. The percentages allocated between Plaintiff and Defendants must total 100%. In assigning degrees of negligence amongst Plaintiff and Defendants, you may not allocate any portion of negligence to anyone other than the parties to this action. This does not mean that all of the parties to this action must have some percentage of negligence allocated to them. If a party was not negligent, or if a party's negligence did not proximately contribute to Plaintiff's injuries, then the percentage of negligence attributed to that party would be zero, and the 100% would be allocated among the remaining parties based on the greater weight of the evidence.

**Assumption of Risk**

A plaintiff's conduct in assuming a risk can be compared with a defendant's negligence. There are four requirements for establishing assumption of risk:

(1) the plaintiff must have knowledge of the facts constituting a dangerous condition;

(2) the plaintiff must know the condition is dangerous;

(3) the plaintiff must appreciate the nature and extent of the danger; and

(4) the plaintiff must voluntarily expose itself to danger.

The doctrine of assumption of risk is not a separate or complete defense from comparative negligence. A plaintiff's conduct in assuming a risk can be compared with a defendant's negligence. A plaintiff's conduct in assuming the risk will not bar recovery unless his negligence exceeds the defendant's negligence. A plaintiff is not barred from recovery by the doctrine of assumption of risk unless the degree of fault arising therefrom is greater than the negligence of the defendant. The main reason for having the doctrine of assumption of risk is not to determine fault, but to prevent a person who knowingly and voluntarily incurs a risk of harm from holding another person liable.

11

## Negligence Per Se

Where there is a duty arising from a statute or code, and a plaintiff shows a defendant violated a statute or code, the violation of the statute or code, is negligence per se. The violation of any of provisions of a statute or code, is negligence per se. That is, negligence in and of itself, negligence as a matter of law.

Negligence per se simply means that the jury need not decide if the defendant acted reasonably in the circumstances. The statute or code fixes the standard of conduct required of the defendant, leaving the jury merely to decide whether the defendant breached the statute or code. If the defendant did violate the statute or code, the defendant's failure to take due care is established as a matter of law. The only issue left for the jury to determine is whether the defendant's conduct proximately caused damage to the plaintiff. Accordingly, proof of a violation of a statute or code is, in fact, proof of negligence so that the jury's only concern then would be whether such violation of the statute or code was the proximate cause of the injury and damage.

The violation of a statute or code will support a recovery of damages if such a violation proximately caused or proximately contributed to the injuries or damages complained of.

## Implied Warranty of Good and Workmanlike Service

A design professional who contracts to design a dwelling impliedly warrants that the work undertaken will be performed in a careful, diligent, workmanlike manner. There is an implied warranty of workmanlike service. The implied warranty of good and workmanlike service exists as a matter of law. The design must be prepared in an ordinarily skillful manner as a skilled architect or engineer would prepare the design. This warranty requires the architect or engineer to use the skill that is customarily used in the industry. The test is whether the design meets the ordinary,

12

reasonable, and normal standards in the industry. The architect or engineer is required to complete the design that is reasonably expected of a design of comparable kind and comparable quality.

If the design turns out to be defective by reason of the architect or engineer's unworkmanlike performance, the breach of warranty gives the injured party, the person who contracted to have the design done, a claim for damages for loss of its expectancy.

## Breach of Contract

Plaintiff has asserted a breach of contract action against Defendant Nichols Brosch Wurst Wolfe & Associates, Inc.. The word "breach," as it applies to contracts, is defined as a failure without legal excuse to perform any promise that forms a whole or a part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence. In other words, a party breaches a contract when it does not perform as it agreed to perform under the contract. A breach occurs when one party to a contract fails to carry out a term, promise, or condition of the contract.

To recover for breach of contract under South Carolina law the Plaintiff will have to show: (1) a binding contract entered into by the parties, in this case between Plaintiff and Defendant Nichols Brosch Wurst Wolfe & Associates, Inc.; (2) a breach or unjustifiable failure by Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. to perform the contract; and (3) damage suffered by Plaintiff as a direct and proximate result of Defendant Nichols Brosch Wurst Wolfe & Associates, Inc.'s breach, if any.

Plaintiff is entitled to recover only if you find that it has proved by the preponderance of the evidence that Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. did, in fact, breach the contract between it and Plaintiff.

### Failure to Call a Witness

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not. You should not draw such a conclusion if the witness was equally available to both parties or if the witness's testimony would have merely repeated the testimony of other witnesses or evidence already presented in the case.

### Burden of Proving Damages

If you find, based on the foregoing instructions, that Plaintiff has met its burden of proving that either Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. or Defendant Newcomb & Boyd, or both Defendants are liable to it under any theory presented by the court, then you must determine the amount of damages Plaintiff should receive, if any. The fact that I instruct you on the proper procedure for awarding damages does not mean that I think Plaintiff is entitled to your verdict in this case. Instructions as to damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability. If Plaintiff proves its claims, it also has the burden of proving, again by a preponderance of the evidence, that it suffered damages.

Plaintiff's claims in this case are based upon alternative or concurrent theories of liability. Although Plaintiff claims alternate theories of liability, Plaintiff may not recover twice for the same injury. Nonetheless, if you decide that Plaintiff is entitled to an award of actual damages on any given claim, you should award such actual damages on that claim as is appropriate under the court's instructions without making any reductions based on the possibility of double or duplicative

recovery. Upon receipt of your verdict, the court will review the award to ensure that Plaintiff does not receive a double or duplicative recovery.

## Actual Damages

Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put the party in the same position it was in prior to the damages received insofar as this is monetarily possible. In other words, actual or compensatory damages include compensation for all injuries which are naturally the proximate result of the alleged wrongful conduct of the Defendants.

The existence, causation, or amount of damages cannot be left to conjecture, guesswork or speculation. Proof of amount of loss with absolute or mathematical certainty is not required. However, damages must be proved with a reasonable degree of certainty and accuracy. The evidence presented by the Plaintiff must enable you, the jury, to determine what amount is fair, just and reasonable.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## Betterment

The damages, if any, to be awarded for a negligent design are intended to place the Plaintiff in the same position it would have been in had the design been performed properly in the first instance. If you find that the design of the HVAC system as originally provided and installed, was deficient as a result of the liability of one or both of Defendants, the Plaintiff's recoverable damages, if any, arising from that situation would not include the costs it would have paid in the beginning had

15

the appropriate HVAC system been installed originally. Instead, those damages would be limited to the additional costs, if any, Plaintiff incurred as a result of having to install an appropriate system at the later time.

## Damages for Breach of Implied Warranties

The proper measure of damages due to breach of implied warranties is the actual damages shown to have been sustained which are the natural, direct, and proximate result of the breach of the implied warranty, and which may be reasonably regarded as within the contemplation of the parties at the time of the warranty as a probable consequence of the breach of the warranty.

Incidental damages resulting from a breach of an implied warranty may be recovered. This includes expenses which are reasonably incurred as a direct and proximate result of the breach of the implied warranty.

Damages place the injured party in the same position it would have enjoyed had the design been as warranted. Damages give the injured party the benefit of its bargain.

## Duty to Mitigate Damages

A party who has suffered injury or damage from the actionable conduct of another is under a duty to make all reasonable efforts to minimize the damages incurred. To the extent that it reasonably could have so minimized those damages and failed to do so, it is not entitled to recover from the other party. In other words, one cannot recover any damages that might have been avoided by the use of reasonable care and diligence. A plaintiff's failure to mitigate damages allows a defendant to avoid only those damages that reasonably could have been avoided by the plaintiff.

An injured party is required to do that which an ordinary, prudent person would do under similar circumstances to mitigate its damages. However, the injured party is not required to unreasonably exert itself or incur substantial expense in an effort to mitigate damages.

The Defendants have the burden of proving that damages could have been avoided or reduced.

### Statute of Limitations

Defendants assert as a defense that the statute of limitations bars or prohibits Plaintiff's claims. A statute of limitations is a law providing that a suit is barred or prohibited if a plaintiff does not bring it within a prescribed period of time. Section 15-3-530 of the South Carolina Code provides, in pertinent part, that an action upon a contract, obligation, or liability, express or implied, must be brought within three years. Such actions must be commenced within three years after the party knew or by the exercise of reasonable diligence should have known that it had a cause of action. Accordingly, Defendants must prove by a preponderance of the evidence that Plaintiff did not bring its claims within the applicable time period because Plaintiff knew, or by the exercise of reasonable care should have known, more than three years before bringing this suit that its claims existed.

### Unanimous Verdict - Duty to Deliberate

In conducting your deliberations and returning your verdict, there are certain rules you must follow: it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement, if you can do so, without doing violence to individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened

to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to determine the truth from the evidence in the case.

Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

### Return of Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court officer outside your door that you are ready to return to the courtroom.

### Communicating With the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.