# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Vista del Mar Condominiums, LLC, ) | |
| ) | Civil Action No.: 4:09-cv-02869-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Nichols Brosch Wurst Wolfe & Associates, ) | |
| Inc., and Newcomb & Boyd, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiff Vista del Mar Condominiums, LLC's ("Vista del Mar") Motion for a New Trial [Dkt. No. 237], pursuant to Federal Rule of Civil Procedure 59, contending that the court improperly instructed the jury by excluding certain jury instructions requested by Vista del Mar and allowing certain expert testimony about the standard of care in this case. For the reasons below, the court denies Vista del Mar's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerned allegations of professional negligence arising from the design of the heating, ventilating, and air-conditioning ("HVAC") system installed at a condominium project located in Myrtle Beach, South Carolina. Vista del Mar was the project developer. Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. provided architectural services on the project and Defendant Newcomb & Boyd, a mechanical engineering firm, provided the design of the HVAC systems for the project. In this suit Vista del Mar alleged that the HVAC system was defectively

1

designed because it did not provide positive pressurization of the condominium, which allegedly resulted in mold and mildew problems on the interior of the building.

The case was tried before this court from July 23, 2012, through July 27, 2012. During trial, the parties' experts provided differing testimony as to the HVAC system design requirements, including the applicable building codes. Additionally, the parties offered conflicting accounts of discussions between the parties concerning Defendants' recommendations to Vista del Mar regarding the design of the HVAC system and Vista del Mar's alleged instructions to Defendants to utilize a cheaper design.

Prior to submitting the matter to the jury for deliberation, Vista del Mar requested that the court charge the jury on certain South Carolina regulations concerning architects and engineers ostensibly requiring that design objections be put in writing and requiring the designer to affirmatively refuse to incorporate the objectionable design. The court declined to include Vista del Mar's requested language in the jury instructions given by the court. During the examination of witnesses, Vista del Mar insisted on the application of a national standard of care and objected to Defendants' reference to local customs or practices among architects and engineers designing HVAC systems for condominium projects in the Myrtle Beach area. Overruling Vista del Mar's objection, the court allowed each parties' expert witnesses to testify regarding their opinions of the applicable geographical scope of the standard of care for architects and engineers. The jury returned a verdict in favor of Defendants.

## STANDARD OF REVIEW

"[A] Rule 59(a) motion for new trial is a matter "resting in the sound discretion of the trial judge." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 869 (4th Cir. 1999). A new

2

trial should be granted "only if (1) the verdict is against the clear weight of the evidence, (2) is based on evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002) (citations omitted). In considering a motion for a new trial, the court "must view the evidence in the light most favorable to the prevailing party." *Perrin v. O'Leary*, 36 F. Supp. 2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'" *Id.* (quoting *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995)).

The trial court has broad discretion in appropriately instructing the jury. *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994). In determining the adequacy of jury instructions, the court must look to "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987)). To demonstrate the necessity for a new trial based on the court's refusal to give an instruction proposed by a party, the challenging party has the heavy burden to demonstrate that "the requested instruction '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired' that party's ability to make its case." *Noel v. Artson*, 641 F.3d 580, 586-87 (4th Cir. 2011) (quoting *United States v. Lighty*, 616 F.3d 321, 366 (4th Cir. 2010)).

## **DISCUSSION**

Vista del Mar argues that the court erred in denying its request to include the following proposed requests to charge, consisting of portions of the South Carolina Code of Regulations relating to the practice of architecture and engineering, in the court's jury instructions:

1) If in the course of work on a project, the architect or firm becomes aware of a decision taken by the employer or client, against the architect's or firm's advice, which violates applicable state or municipal building laws and regulations and which will materially affect adversely the safety to the public of the finished project, the architect or firm shall: (a) report the decision to the local building inspector or other public official charged with the enforcement of the applicable state or municipal building laws and regulations; and (b) refuse to consent to the decision; and (c) terminate services with reference to the project in circumstances where the architect or firm reasonably believes that other such decisions will be taken notwithstanding the architect's or firm's objections. S.C. Code Regs. § 11-12(B)(3);

2) If the judgment of the engineer or surveyor is overruled under circumstances where the safety, health, and welfare of the public are endangered, he shall inform his employer of the possible consequences and notify other proper authority of the situation, as may be appropriate. S.C. Code Regs. § 49-301(B); and

3) An engineer shall be completely objective and truthful in all professional reports, statements, or testimony. He shall include all relevant and pertinent information in such reports, statements, or testimony. S.C. Code Regs. § 49-303(A).

Vista del Mar complains that the court's exclusion of these specific regulations effectively resulted in a finding that there was no evidence presented at trial concerning Defendants' violation of the regulations and the relationship of the violations to the proximate cause of Vista del Mar's damages. Vista del Mar's arguments miss the mark.

Although the court declined to include Vista del Mar's requested charges, the court charged the jury on the law of professional negligence generally as follows:

> Plaintiff Claims that Defendant Nichols Brosch Wurst Wolfe & Associates, Inc. and Defendant Newcomb & Boyd committed professional negligence against Plaintiff. In order to prevail in a negligence claim, Plaintiff must show that the Defendants owed a duty to Plaintiff, that Defendants breached that duty and that the breach was the proximate cause of an injury to Plaintiff. The law requires that Defendants use that degree of knowledge, care, and skill ordinarily used by professionals in good standing under the same or similar circumstances and that Defendants follow the generally accepted practices and procedures in their professions. To prove a claim of professional negligence, Plaintiff must show that Defendants failed to use that degree of knowledge, care, and skill ordinarily used by professionals in good standing under the same or similar circumstances and failed to follow the generally accepted practices and procedures in their professions. In addition, Plaintiff must show that such actions were a proximate cause of Plaintiff's alleged damages.

The court's jury instruction correctly reflects the law of professional negligence and the standard of care. *See Doe v. American Red Cross Blood Services, S.C. Region*, 297 S.C. 430, 435, 377 S.E.2d 323, 326 (1989) ("We now hold that in a professional negligence cause of action, the standard of care that the plaintiff must prove is that the professional failed to conform to the generally recognized and accepted practices in his profession."). The purpose of a court's charge to the jury is to inform the jury of the controlling legal principles. *See Spell*, 824 F.2d at 1395. The court found it inappropriate to include the requested instructions within its charge to the jury given that the parties submitted competing expert testimony and other evidence concerning the standard of care and the proximate cause of Vista del Mar's damages during the trial. *See Spires v. Acceleration Nat. Ins. Co.,* 417 F. Supp. 2d 750, 754 (D.S.C. 2006) (citing *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 351 S.C. 459, 570 S.E.2d 197, 203 (2002)) ("In South Carolina, expert testimony is required in a professional negligence action to establish both the standard of care and the defendant's failure to conform to that standard."*).* To charge the jury as Vista del Mar requested would risk potential confusion as to the issues before the jury. Therefore, Vista del Mar is not entitled to a new trial based on the court's exclusion of the requested jury instructions.

Additionally, Vista del Mar argues that it is entitled to a new trial because the court allowed the admission of certain testimony related to HVAC designs utilized in the Myrtle Beach, South Carolina area. Relying on *King v. Williams*, 276 S.C. 478, 482, 279 S.E.2d 618, 620 (1981). and *Folkens v. Hunt*, 290 S.C. 194, 200, 348 S.E.2d 839, 843 (Ct. App. 1986), Vista del Mar contends that the court erred because South Carolina courts have expressly overruled the "locality rule" as applies to the standard of care in professional negligence in favor of a more national standard, or one without geographical boundaries. However, this court has not found South Carolina law to abolish the locality rule so broadly across all professions. In fact, *King* only abrogated the locality rule in medical malpractice actions and *Folken* was limited to accounting professional negligence matters. Other professional negligence claims, such as legal malpractice, are limited to a statewide standard of care under South Carolina law. *See Smith v. Haynsworth, Marion, McKay & Geurard*, 322 S.C. 433, 437-38, 472 S.E.2d 612, 614 (1996). Vista del Mar has not cited, and this court has not found, any South Carolina case commenting on the geographical limitations applicable in determining the standard of care for architectural or engineering professional negligence claims. Moreover, to the extent that Vista del Mar asserts that Defendants' experts testified about other condominium projects in the area without laying the proper foundation, such assertion is without merit. The court qualified the witnesses to provide expert opinion testimony pursuant to Federal Rule of Evidence 702, and each expert's testimony was based on his own personal knowledge, skill, and experience. *See e.g., United States v. Wilson*, 484 F.3d 267, 274-75 (4th Cir. 2007) (discussing the foundation for experiential expert testimony). Beyond the requirements of Rule 702, Vista del Mar's argument is unclear as to what additional foundation Defendants were required to establish prior to the admission of these experts' opinion testimony on the appropriate standard of care. Accordingly, the court

appropriately allowed the presentation of evidence concerning the degree of knowledge, care, and skill ordinarily used by architectural and engineering professionals in designing HVAC systems for condominium projects in Myrtle Beach, South Carolina, and Vista del Mar is not entitled to a new trial on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff Vista del Mar Condominiums, LLC's Motion for a New Trial [Dkt. No. 237] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 20, 2013
Greenville, South Carolina